**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leonardo SANCHEZ–PIMENTEL,
Defendant–Appellant.**

**No. 05–50155.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Filed March 1, 2006.

Jason A. Forge, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vince J. Brunkow, Lori B. Schoenberg, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

### MEMORANDUM *

Defendant–Appellant Sanchez–Pimental (Sanchez) was prosecuted for illegal reentry and contests his conviction and sentence on appeal. The factual and procedural history is known to the parties.

Sanchez contests the adequacy of the specific intent explanation in both his indictment and the subsequent jury instruction at trial. However, the language used by the government and the district court has been expressly endorsed by this Cir-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cuit in *United States v. Gracidas–Ulibar-ry*, 231 F.3d 1188 (9th Cir.2000) (en banc), and was a correct recitation of the law on this point.

Sanchez's contention that the district court was obliged to grant his Motion for Judgment of Acquittal is likewise without merit. The district court properly found that the government provided evidence sufficient for the jury to conclude that the person detained by Inspector Santana was the same person who was later processed by Agent Woodington.

Regarding Sanchez's asserted *Brady* violation, even assuming the government failed to disclose its alleged investigation of expert witness Torres, Sanchez has not established that he suffered any prejudice. *See Banks v. Dretke*, 540 U.S. 668, 691, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004). At most, Torres' expert fingerprint testimony was corroborative of other evidence in the record indicating Sanchez had previously been deported—including Sanchez's own testimony at trial. Thus, there is no reasonable probability that Sanchez's trial would have resulted in a different outcome had he known of the government's purported investigation of Torres.

Finally, this Circuit has previously rejected Sanchez's assertion that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), precludes the district court's consideration of his prior convictions to determine his sentence. *See, e.g., United States v. Cortez–Arias*, 403 F.3d 1111, 1114 & n. 8 (9th Cir.2005).

Accordingly, the judgment of the district court is AFFIRMED.